UTAH LEGAL SERVICES, INC.
BY:  Jacob Kent (Utah Bar #13772)
Matt Nepute (Assistant Counsel)
960 S Main St.
Salt Lake City, Utah 84101
mnepute@utahlegalservices.org
jkent@utahlegalservices.org
Telephone: (801) 328-8891
ext. 3327 (Matt) or ext. 3365 (Jacob)
**Attorneys for Plaintiff**

---

UNITED STATES DISTRICT COURT
for the
District of Utah, Central Division

| | |
|---|---|
| MARIAN ELLEN BOSILOVICK, <br><br> Plaintiff, <br><br> v. <br><br> HOUSING AUTHORITY OF THE COUNTY OF SALT LAKE, DBA, HOUSING CONNECT, <br><br> Defendant. | **COMPLAINT FOR VIOLATION OF CIVIL RIGHTS** <br><br><br> Civil No. 2:24-CV-240 |

Plaintiff Marian Bosilovick ("Ms. Bosilovick"), by and through counsel Jacob Kent and Matt Nepute of Utah Legal Services, Inc., complains against Defendant Housing Connect as follows:

## PARTIES

1. Plaintiff Marian Bosilovick has been a resident of Salt Lake County and was a participant in the Defendant's Section 8 Program at all times relevant to this action.

2. Defendant Housing Authority of the County of Salt Lake, dba, Housing Connect ("Housing Connect") is a local Public Housing Authority transacting business in Salt Lake County, Utah. Until Ms. Bosilovick was terminated effective November 30, 2023, Defendant administered Ms. Bosilovick's voucher under the Section 8 Housing Choice Voucher Program (HCVP).

## JURISDICTION

3. Jurisdiction over this action is conferred on this court under the following statutes:

   a. 28 U.S.C. § 1331 (federal question jurisdiction), in that this action arises under the Constitution and laws of the United States, which grant rights and benefits to Ms. Bosilovick;

   b. 28 U.S.C. § 1337, in that this is a civil action arising under federal housing acts, which are acts regulating commerce;

   c. 28 U.S.C. § 1343 (a)(3), in that this is action is to redress the deprivations, under color of state law, of rights secured by the Fourteenth Amendment of the United States Constitution;

   d. 28 U.S.C. § 2201 and 42 U.S.C. § 1983, which provide redress for the deprivation, under color of state law, of rights, privileges, and immunities secured to all citizens and persons within the jurisdiction of the United States by the Constitution and laws of the United States.

## VENUE

4. Venue in this case is proper in this district under the following statutes:

e.  31 U.S.C. § 3732 (a), as Housing Connect has its principal place of business located in and conducts business in this district;

f.  28 U.S.C. § 1391 (b), as Ms. Bosilovick's claims arose in this district.

## FACTUAL BACKGROUND

5.  From May 7, 2021 to November 30, 2023, Ms. Bosilovick was a participant in the Housing Choice Voucher Program (HCVP) administered by Defendant.

6.  On October 9, 2023, Housing Connect sent Ms. Bosilovick a notice to inform her that it would be terminating her Housing Choice Voucher effective November 30, 2023 "because have [sic] been served multiple violation notices" by her landlord. Ex. A., Bosilovick0005.

7.  On October 13, 2023, Ms. Bosilovick's landlord filed an unlawful detainer suit, Civil No. 230907780 in Utah's Third District Court based on a single violation notice dated October 4th, 2023. An accurate copy of the notice is included as part of Ex. A, Bosilovick0009.

8.  On October 19 or 20, 2023, Ms. Bosilovick timely requested a hearing with Housing Connect on the termination of her voucher.

9.  On October 30, 2023, Housing Connect sent Ms. Bosilovick a letter granting her request for a hearing, providing details of that hearing, and providing a copy of the evidence Housing Connect intended to use at the hearing. This letter is attached as Exhibit A to this Complaint and is incorporated by this reference.

10. On October 31, 2023, an occupancy hearing was held in District Court, at which Ms. Bosilovick and her landlord entered a move-out date agreement and mutual lease termination, and agreed to strike the hearing, with neither side having presented any

evidence at the hearing or in any filings in the case. Ms. Bosilovick agreed to move out by 11:59pm on November 1, 2023.

11. Ms. Bosilovick complied with the move-out agreement timely and moved out before the November 1, 2023 11:59pm deadline. The lease was mutually terminated because Ms. Bosilovick complied with her obligations under the agreement.

12. On November 8, 2023, Housing Connect held a hearing on the termination of Ms. Bosilovick's Housing Choice Voucher.

13. Present at the hearing were Housing Connect hearing officers Samantha Brand and Candice Armantrout, Ms. Bosilovick and her counsel Matt Nepute, Ms. Bosilovick's case manager at Housing Connect Ilez Brady, and counsel for Housing Connect Timothy Deans.

14. At the hearing, Ms. Brady presented the violation notices provided to Housing Connect by Ms. Bosilovick's landlord as evidence of her violation of the lease agreement.

15. At the hearing, Ms. Bosilovick testified that the most recent property manager at her rental unit served her repeated frivolous eviction notices and that she did not have these sorts of problems with the property management or the landlord prior to the arrival of, and subsequent pattern of behavior from, that property manager.

16. Ms. Bosilovick further testified to the circumstances around each of the notices presented, and explained why each the allegations in each notice were either false, misleading, or insubstantial. The only notice Ms. Bosilovick did not contest the veracity of was the non-payment notice dated September 5, 2023. Ms. Bosilovick testified that she timely complied with that notice by paying the alleged arrears.

17. Aside from Ms. Brady testifying to the Housing Authority's receipt of these allegations by the landlord, no evidence was presented of the alleged lease violations and no agent of the landlord appeared or testified at the hearing.

18. On December 1, 2023, Housing Connect sent out its decision letter regarding this hearing. In it, hearing officer Samantha Brand upheld the decision to terminate Ms. Bosilovick's voucher. This letter is attached to this Complaint as Exhibit B and incorporated by this reference.

19. In Section IV of this decision letter titled "Findings of Facts/Conclusions," Ms. Brand states that Ms. Brady presented "evidence indicating that Marian Bosilovick violated the program responsibilities of the Section 8 program." Ex. B, Bosilovick0034.

20. This section of the letter, after restating the relevant regulations and rules prohibiting repeated lease violations by Housing Choice Voucher holders, finishes by stating "Marian Bosilovick was unable to provide evidence that refuted the basis for this termination." *Id.* at Bosilovick0035.

21. In Section III of this decision letter titled "Summary of the Evidence," the letter lists the two pieces of evidence Ms. Brady presented at the hearing: the email received from the landlord with attached violation notices, and the mailing out of the termination letter by the Housing Authority. *Id.* at Bosilovick0033.

22. This section of the letter then makes an incomplete, but generally accurate, list of facts Ms. Bosilovick provided in her testimony comprising twelve bullet points. Several of these bullet points refer specifically to Ms. Bosilovick's testimony refuting the basis of the termination. For example, "Marian stated that the property manager had no proof that the

damage on the property was by her, and that the drug use/marijuana charge was not her. Marian stated that she was gone all day when the police came to her door to ask about it." For another example, "Marian state that the property manager had no evidence of her violating the lease and that her boyfriend has his own lease." *Id.* at Bosilovick0033-Bosilovick0034.

23. The fact that the landlord served violation notices on Ms. Bosilovick alleging various lease violations, and the fact that the landlord provided a copy of those notices to Housing Connect, were not in dispute at the hearing.

24. The fact that Housing Connect served Ms. Bosilovick with the Notice of Termination of Assistance on October 9, 2023 was not in dispute at the hearing.

25. The truthfulness and accuracy of the allegations in the landlord's violation notices were the primary issues in dispute at the hearing.

26. The decision letter makes no specific showing to indicate what evidence was relied upon in determining that the landlord's allegations of lease violation were true and accurate. *See id*.

27. The relevant section of the Administrative Plan for Housing Connect, current as of March 2023, is attached to this Complaint as Exhibit C and incorporated by this reference. It states that "[t]he hearing office will render a conclusion derived from the facts that were found to be true by a preponderance of the evidence." Administrative Plan, Housing Choice Voucher Program, Housing Connect, 383, Ex. C., Bosilovick0042 (March 2023) (citing 24 CFR 982.555(e)(6)). "*Preponderance of the evidence* is defined as evidence which is of

greater weight or more convincing than the evidence which is offered in opposition to it." *Id.* at 382, Ex. C., Bosilovick0041.

28. The Administrative Plan further states that "*Hearsay Evidence* is evidence based not on a witness' personal knowledge. In and of itself, hearsay evidence carries no weight when making a finding of fact." Administrative Plan, Housing Choice Voucher Program, Housing Connect, 381, Ex. C., Bosilovick0040 (March 2023) (citing 24 CFR 982.555(e)(5)).

29. On December 18, 2023, Ms. Bosilovick and her landlord reached a full settlement of the outstanding issues in the Utah District Court eviction matter. No evidence of the landlord's claims were ever presented or tried at any stage of the eviction suit, other than the attachment of the October 4 violation notice to the landlord's Complaint as required by Utah Rule of Civil Procedure 26.3.

30. On March 8, 2024, the parties jointly moved the Utah District Court to expunge the eviction suit because Ms. Bosilovick satisfied her remaining obligations under the December 18th settlement. The Court expunged the suit the same day, March 8, 2024. As a matter of law, Ms. Bosilovick was never evicted. *See* Utah Code Ann. § 78B-6-853. The expungement order is attached to this Complaint as Exhibit D and incorporated by this reference.

## **NATURE OF THE ACTION**

31. According to 42 U.S.C. § 1437f (a), the purpose of Section 8 Low income HCVP is to aid "low-income families in obtaining a decent place to live and of promoting economically mixed housing…" The program aids low-income families by providing rent subsidies

enabling them to enter the private rental housing market and is operated by local housing authorities under federal regulations. 42 U.S.C.A. § 1437f (a) (2014).

32. Plaintiff, a former participant in the Section 8 program, seeks reinstatement to the program and reimbursement for all out-of-pocket expenses resulting from lost housing benefits when Defendant failed to afford Plaintiff her right to due process before terminating her housing benefits.

33. Defendant denied Plaintiff her right to due process on the grounds that the termination decision does not satisfy the regulatory requirements to appropriately weigh hearsay evidence, to make its final determination based on the preponderance of the evidence, nor to provide a truly informative decision, as it does not state the evidence relied upon to uphold the termination of assistance.

## CAUSES OF ACTION

### I.      VIOLATION OF DUE PROCESS

34. Plaintiff hereby incorporates paragraphs 1-33.

35. Plaintiff's right to due process is guaranteed by the Fourteenth Amendment to the U.S. Constitution.

36. Ms. Bosilovick's due process rights were violated in the termination decision issued after the hearing because the written hearing decision relies entirely on the Housing Connect's hearsay evidence, contrary to federal regulations and Defendant's own Administrative Plan, to conclude that Ms. Bosilovick repeatedly violated her lease agreement.

37. Ms. Bosilovick's due process rights were also violated in the termination decision issued after the hearing because the written hearing decision disregards Ms. Bosilovick's

undisputed testimony, contrary to federal regulations and Defendant's own Administrative Plan, to conclude that Ms. Bosilovick repeatedly violated her lease agreement. The preponderance of the evidence weighs in favor of the only party that presented any evidence as to the underlying allegations in the violation notices.

38. Ms. Bosilovick's due process rights were violated in the termination decision issued after the hearing because the written hearing decision does not make a clear connection between the summary of evidence and the conclusions the Housing Authority makes to uphold its decision. The hearing decision "must be truly informative as to the reasons for the decision. This would include… a short statement of the elements of fact or law on which the decision is actually based. A bare and conclusory statement of the hearing decision, that does not let the participant know the basic reasons for the decision, will not satisfy the regulatory requirement." Section 8 Housing Assistance Payments Program; Existing Housing, 49 FR 12215-01 at 12,230 (1984).

39. Defendant's actions violated Ms. Bosilovick's right to due process as guaranteed by the Fourteenth Amendment to the U.S. Constitution.

## II. VIOLATION OF 42 U.S.C. § 1983

40. Plaintiff hereby incorporates paragraphs 1-39.

41. 42 US.C. § 1983 provides:

> *Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . .*

42. Defendant is acting as an agent of the U.S. Department of Housing and Urban Development in administering the Section 8 Federal Housing Choice Voucher Program.

43. Defendant is a department of Salt Lake County, and thus all of its actions are "under color of" state law.

44. Defendant has subjected Ms. Bosilovick to the termination of her benefits under the Section 8 Federal HCVP.

45. Defendant has deprived Ms. Bosilovick of her rights without due process of law. Ms. Bosilovick enjoys a property interest in continued occupancy of subsidized housing, and that interest constitutes a statutory entitlement. Accordingly, the protections of procedural due process apply.

46. Defendant, as a result of depriving Ms. Bosilovick of her due process rights, is liable to the party injured in an action at law or other proper proceeding for redress.

**PRAYER FOR RELIEF**

WHEREFORE, PLAINTIFF PRAYS THAT THIS COURT:

1. Assume jurisdiction of this case.

2. Enter a declaratory judgment that defendant has failed to comply with federal law and regulation and has violated plaintiff's right to due process of law.

3. Order the Defendant to immediately reinstate Ms. Bosilovick's Section 8 voucher.

4. Order Defendant to reimburse Ms. Bosilovick for her unpaid assistance as a result of the improper termination.

5. Award Plaintiff reasonable attorney fees.

6. Award such other relief as is just and proper.

DATED this 2nd of April, 2024.

/s/ Jacob Kent
Jacob Kent
Utah Legal Services
Attorney for Plaintiff

/s/ Matt Nepute
Matt Nepute
Utah Legal Services
Assistant Counsel for Plaintiff