IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| MARIAN ELLEN BOSILOVICK,<br><br>                      Plaintiff,<br><br>v.<br><br>HOUSING AUTHORITY OF THE COUNTY OF SALT LAKE,<br><br>                      Defendant. | MEMORANDUM DECISION AND ORDER ON ORDER TO SHOW CAUSE<br><br><br>Case No. 2:24-cv-240-TS<br><br>District Judge Ted Stewart |

This matter is before the Court in response to an Order to Show Cause. For the reasons discussed below, the Court finds that Plaintiff has adequately satisfied the order while Defendant has not. As a result, the Court will impose sanctions on Defendant for its failure to obey Magistrate Judge Oberg's orders concerning the settlement conference.

I.  BACKGROUND

Plaintiff filed her Complaint on April 2, 2024. On April 12, 2024, the parties jointly moved for a settlement conference. The Court granted the motion and this matter was referred to Magistrate Judge Oberg for that purpose. On May 15, 2024, Magistrate Judge Oberg issued a Settlement Conference Order and set the settlement conference for June 12, 2024.

The Settlement Conference Order set deadlines for the parties to contact chambers to arrange for pre-conference phone calls. It also set a deadline to submit a joint case status report and confidential settlement statements. The order warned that failure to submit these statements could result in the settlement conference being vacated.

1

On June 4, 2024, Magistrate Judge Oberg vacated the settlement conference. Magistrate Judge Oberg explained that both parties had failed to participate as directed by the Settlement Conference Order. Both parties failed to meet the deadline to set up the pre-conference phone calls and failed to respond to email communications from chambers. This prompted Magistrate Judge Oberg to set a new deadline for the pre-conference phone calls and she also reminded the parties of the other deadlines in the Settlement Conference Order.

Plaintiff later complied by setting a pre-conference phone call by the revised date, but Defendant did not. Defendant only scheduled the call after the new deadline passed and only did so when contacted by the Court. Defendant also failed to submit a confidential settlement statement, despite the Settlement Conference Order setting out the due date, the subsequent docket text order reminding the parties of the deadline, and two additional email reminders. The final email reminder notified the parties that the settlement conference could be vacated if the briefs were not submitted. When Defendant failed to submit its brief, the conference was stricken.

Federal Rule of Civil Procedure 16(a)(5) provides that "the court may order the attorneys . . . to appear for one or more pretrial conferences for such purposes as . . . facilitating settlement." Rule 16(f)(1) states that the Court may impose sanctions "if a party or its attorney: (A) fails to appear at a scheduling or other pretrial conference; (B) is substantially unprepared to participate—or does not participate in good faith—in the conference; or (C) fails to obey a scheduling or other pretrial order." Possible sanctions include ordering the disobedient party to "pay the reasonable expenses—including attorney's fees—incurred because of any

noncompliance," "unless the noncompliance was substantially justified or other circumstances make an award of expenses unjust."[1]

Here, it is undisputed that both parties failed to obey the Settlement Conference Order. However, only Plaintiff has demonstrated that her failure makes an award of expenses unjust. Plaintiff's response to the Order to Show Cause demonstrates a misunderstanding as to the pre-conference phone call. Once that misunderstanding was resolved, Plaintiff timely complied with all other requirements of the Settlement Conference Order. Plaintiff's counsel also took remedial measures to ensure that similar mistakes will not happen in the future. Counsel brought on co-counsel to help keep track of and comply with Court-imposed deadlines. Under these circumstances, an imposition of sanctions on Plaintiff is unjust.

Defendant's response to the Order to Show Cause, on the other hand, is woefully inadequate. Defendant makes little effort to explain its failure to meaningfully participate in the settlement conference process, only stating that the deadline to respond to the Complaint coincided with the deadlines set out in the Settlement Conference Order. While it is true that the deadlines for the joint status report and confidential settlement statement were around the time Defendant's responsive pleading was due, that is not the case with the pre-conference phone call deadlines. Defendant makes no effort to explain its failure to timely set up that call.

More troubling to the Court is the fact that Defendant fails to explain its failure to respond to communications from Magistrate Judge Oberg's chambers. The Magistrate Judges in the District of Utah are among the busiest in the nation. The Magistrate Judges make themselves

---

[1] Fed. R. Civ. P. 16(f)(2).

available to conduct settlement conferences in addition to their myriad duties. Preparing for these conferences is time consuming and takes away from already limited judicial resources. A party's failure to meaningfully participate in settlement conference preparations—despite asking for the conference—is simply unacceptable. Defendant was given the chance to explain its actions but instead glibly requests that the conference be re-set. The Court declines Defendant's request. Defendant has already expended enough of the Court's resources with respect to settlement. Instead, the Court will impose sanctions on Defendant for its failures to comply with Court orders. The Court orders Defendant to pay Plaintiff the reasonable expenses, including attorney's fees, she expended in preparing for the settlement conference.

## III.  CONCLUSION

It is therefore

ORDERED that the Court imposes sanctions on Defendant. Defendant is ordered to pay the reasonable expenses—including attorney's fees—incurred by Plaintiff in preparing for the settlement conference. Plaintiff is directed to provide Defendant an accounting of the hours spent preparing for the settlement conference and the parties are to meet and confer as to the appropriate sanction amount. If the parties cannot agree, they are to contact the Court.

SO ORDERED.

DATED this 24th day of June, 2024.

BY THE COURT:

_____
Ted Stewart
United States District Judge