IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| MARIAN ELLEN BOSILOVICK,<br><br>　　　　　　　Plaintiff,<br><br>v.<br><br>HOUSING AUTHORITY OF THE COUNTY OF SALT LAKE,<br><br>　　　　　　　Defendant. | MEMORANDUM DECISION AND ORDER GRANTING DEFENDANT'S MOTION TO DISMISS<br><br>Case 2:24-cv-240-TS-CMR<br><br>District Judge Ted Stewart<br>Magistrate Judge Cecilia M. Romero |

　　　　This matter comes before the Court on Defendant, Housing Authority of the County of Salt Lake dba Housing Connect's, Motion to Dismiss for Failure to State a Claim.[1] For the reasons discussed below, the Court will grant the Motion.

I.  BACKGROUND

　　　　This action relates to Defendant's termination of Plaintiff's federally-subsidized rent assistance voucher. The facts alleged in the Complaint are as follows. From May 7, 2021, to November 30, 2023, Plaintiff Marian Ellen Bosilovick was a participant in the Section 8 Housing Choice Voucher Program, administered by Defendant, which is a Public Housing Authority ("PHA").[2] On October 9, 2023, Plaintiff received notice that Defendant would terminate her voucher effective November 30, 2023, because her landlord sought to evict her for violating the terms of her lease. Under both the United States Department of Housing and Urban Development's ("HUD") regulations and Defendant's policies, a participant's eviction warrants

---

[1] Docket No. 24.

[2] Docket No. 1 ¶ 5.

a voucher termination.[3] Plaintiff timely requested a hearing with Defendant.[4] In response to Plaintiff's request for a hearing, Defendant sent Plaintiff a letter scheduling the hearing and informing Plaintiff of her rights, including her right to have counsel present, obtain copies of any evidence to be used, and present evidence and question witnesses.[5] In the meantime, at a state court occupancy hearing held on October 31, 2023, Plaintiff and her landlord mutually agreed to terminate her lease, and she moved out.[6]

On November 8, 2023, Defendant held an informal hearing on Plaintiff's voucher termination, pursuant to HUD's regulations and Defendant's policies. The primary issue at the hearing was "[t]he truthfulness and accuracy of the allegations in the landlord's violation notices."[7] Plaintiff's case manager presented multiple eviction notices sent to Defendant by Plaintiff's landlord.[8] The case manager also presented Defendant's written notice of Plaintiff's voucher termination.[9] In response, Plaintiff testified that her landlord's property manager unfairly targeted her and that the "frivolous" eviction notices were "false, misleading, and insubstantial,"[10] although she did not contest that she had violated the lease on one occasion when she failed to timely pay her rent in September 2023.[11] No other evidence was presented by either Plaintiff or Defendant.

---

[3] Docket No. 1-1, at 6–7.
[4] Docket No. 1 ¶ 8.
[5] Docket No. 1-1, at 3–4.
[6] Docket No. 1 ¶¶ 10–11.
[7] *Id.* ¶ 25.
[8] *Id.* ¶¶ 13–14.
[9] *Id.*
[10] *Id.* ¶¶ 15–16.
[11] *Id.* ¶ 16.

On December 1, 2023, Defendant issued a written decision upholding Plaintiff's voucher termination.[12] The written decision stated the reasons for the termination, including that the case manager "presented evidence indicating that [Plaintiff] violated the program responsibilities of the Section 8 program;" cited specific HUD regulations and Defendant's policies that Plaintiff had allegedly violated; stated that Plaintiff "was unable to provide evidence that refuted the basis of this termination;" and found that the "preponderance of the evidence indicated a violation of HUD regulations."[13]

On April 2, 2024, Plaintiff filed her Complaint, claiming Fourteenth Amendment procedural due process violations. She argues that the evidence presented at the termination hearing did not establish by a preponderance of the evidence that she violated her lease terms and that the written hearing decision supporting her termination was inadequate. Plaintiff also alleges a violation of 42 U.S.C. § 1983 and claims that Defendant deprived her of her benefits without due process of law under state law.

On June 4, 2024, Defendant filed the Motion to Dismiss at issue.[14] Plaintiff filed her Response on July 10, 2024.[15] Defendant did not file a Reply.

## II. LEGAL STANDARD

When evaluating a complaint under Federal Rule of Civil Procedure 12(b)(6), the Court accepts all well-pleaded factual allegations, as distinguished from conclusory allegations, as true and views them in the light most favorable to the non-moving party.[16] In addition to considering

---

[12] Docket No. 1-2.

[13] *Id.* at 4–5.

[14] Docket No. 24.

[15] Docket No. 33.

[16] *GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384 (10th Cir. 1997).

the factual allegations within the Complaint itself, the Court may also consider attachments to the Complaint in making its decision.[17] The plaintiff must provide "enough facts to state a claim to relief that is plausible on its face,"[18] which requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation."[19] "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"[20]

### III. DISCUSSION

The parties do not dispute that under *Goldberg v. Kelly*[21] and its progeny, Plaintiff had a constitutionally recognized property interest to subsidized housing benefits, and therefore that due process must be applied before those benefits are terminated.[22] Due process requires "a recipient [of public assistance to] have timely and adequate notice detailing the reasons for a proposed termination, and an effective opportunity to defend by confronting any adverse witnesses and by presenting his own arguments and evidence orally."[23]

Defendant requests dismissal arguing that it afforded Plaintiff due process in its voucher termination decision because it based its decision on "some evidence" as required.[24] Plaintiff

---

[17] *See Utah Gospel Mission v. Salt Lake City Corp.*, 425 F.3d 1249, 1253–54 (10th Cir. 2005) (recognizing "that a document central to the plaintiff's claim and referred to in the complaint may be considered in resolving a motion to dismiss") (citation omitted).

[18] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

[19] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[20] *Id.* (quoting *Twombly*, 550 U.S. at 555, 557) (alteration in original).

[21] 397 U.S. 254 (1970).

[22] *Id.* at 269–70; *see Brantley v. West Valley City Hous. Auth.*, No. 2:08-cv-573-DAK, 2009 WL 301820, at *3 (D. Utah Feb. 4, 2009) (unpublished); *see also Davis v. Mansfield Metro. Hous. Auth.*, 751 F.2d 180, 184 (6th Cir. 1984) (collecting cases).

[23] *Goldberg*, 397 U.S. at 267–68.

[24] Docket No. 24, at 8 (quoting *Superintendent, Mass. Corr. Inst., Walpole v. Hill*, 472 U.S. 445, 447 (1985)).

responds that Defendant's Administrative Plan precludes the use of hearsay alone in a termination decision and, because the only evidence cited at the hearing was hearsay, the decision was based on no evidence at all.

When an administrative decision deprives an individual of a protected property interest, due process requires the decision to be based on a "modicum of" or "some evidence."[25] Determining whether this standard has been met "does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence. Instead, the relevant question is whether there is any evidence in the record that could support the conclusion reached by the [administrative body]."[26] HUD regulations state that at informal hearings before a PHA, any evidence "may be considered without regard to admissibility under the rules of evidence applicable to judicial proceedings."[27] Further, "[f]actual determinations relating to the individual circumstances of the family shall be based on a preponderance of the evidence presented at the hearing."[28] Echoing HUD's regulations, Defendant's Administrative Plan provides that "[i]n general, all evidence is admissible at an informal hearing,"[29] but states that a hearing decision cannot be based "on hearsay alone unless there is clear probative value and credibility of the evidence, and the party seeking the change has met the burden of proof."[30]

At the hearing, the case officer presented five eviction notices that the landlord sent to Defendant on October 4, 2023. The notices cited Plaintiff and her family's specific behavior that

---

[25] *Hill*, 472 U.S. at 447.

[26] *Id.* at 455–56.

[27] Informal Hearing for Participant, 24 C.F.R. § 982.555(e)(5).

[28] *Id.* § 982.555(e)(6).

[29] Docket No. 1-3, at 6.

[30] *Id.*

5

violated her lease over a six-month period, and Plaintiff contends that this evidence is hearsay. The case manager also presented Defendant's written notice of termination. Next, Plaintiff testified. She blamed the property manager for targeting her and refuted the landlord's reports, but did not present any other evidence or witnesses in support of her assertions. No other evidence was presented by either Plaintiff or Defendant.

As mentioned, the Court cannot independently weigh the evidence presented at the hearing and can only decide whether "some evidence" supported a PHA's decision. In its written decision upholding the Plaintiff's voucher termination, Defendant cited the landlord's eviction notices, the Defendant's termination notice, Plaintiff's testimony, Defendant's requirements for participants, and relevant HUD regulations. The written decision concluded that Plaintiff "was unable to provide evidence that refuted the basis of this termination."[31] The facts listed in the written decision indicate that the basis for the termination was based on more than the hearsay eviction notices alone and met the preponderance of the evidence standard. Even if hearsay was the only evidence Defendant considered, reliance upon hearsay alone would merely constitute a violation of Defendant's administrative plan, not a right secured by the Constitution or federal law.[32] Accordingly, the Court finds that the decision was supported by "some evidence," such that Plaintiff does not have a plausible claim for a violation of her procedural due process rights.

Plaintiff also argues that her procedural due process rights were violated by the written hearing decision because it did not clearly connect the Defendant's cited evidence and its ultimate conclusions.

---

[31] Docket No. 1-2, at 4–5.

[32] *See, e.g., Godlock v. Fatkin*, 84 Fed. App'x. 24, 30 (10th Cir. 2003) (finding that an alleged violation of internal policy did not give rise to a procedural due process violation).

Under HUD regulations, "[t]he person who conducts the hearing must issue a written decision, stating briefly the reasons for the decision. Factual determinations . . . shall be based on a preponderance of the evidence presented at the hearing."[33] Further, a hearing decision must be "truly informative as to the reasons for the decision. This would include a short statement of the elements of fact or law on which the decision is actually based. A bare and conclusory statement of the hearing decision that does not let the participant know the basic reasons for the decision, will not satisfy the regulatory requirement."[34]

As discussed above, the written decision cites the eviction notices which state specific reasons for Plaintiff's eviction.[35] The allegations in the eviction notices are clear violations of Defendant's policy and HUD's regulations for voucher participants. The written decision also discusses the original notice of termination, a summary of Plaintiff's testimony, and a list of Plaintiff's specific violations of federal regulations and Defendant's internal policy that led to Defendant's decision to terminate.[36] The information included in the final decision is not a "bare and conclusory statement of the hearing decision" and clearly states the reasons for Plaintiff's voucher termination. Thus, the Court finds that the written decision makes a sufficient connection between the evidence and does not violate Plaintiff's procedural due process rights.

Finally, Plaintiff bases her §1983 claim on Defendant's deprivation of her due process rights. As discussed above, the Court finds that Plaintiff was afforded due process, and the Court will accordingly grant Defendant's Motion to Dismiss the § 1983 claim.

## IV. CONCLUSION

---

[33] Informal Hearing for Participant, 24 C.F.R. § 982.555(e)(6).
[34] 49 Fed. Reg. 62 at 12,230 (March 29, 1984).
[35] Docket No. 1-2, at 3–4.
[36] *Id.*

It is therefore

ORDERED that the Defendant's Motion to Dismiss (Docket No. 24) is GRANTED.

DATED this 12th day of March, 2025.

BY THE COURT:

_____
Ted Stewart
United States District Judge